# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 97-40475

---

ERNESTINE NICHOLS,

Plaintiff-Appellee,

versus

CITY OF LUFKIN, TEXAS, ET AL.,

Defendants,

SHERMAN COLLINS, Police Chief; RALPH BEAN,
City of Lufkin Police Officer; MICKEY HADNOT;
BILL MURPHY; JOHN TULLEY, former Texas
Alcoholic Beverage Commission Agent,

Defendants-Appellants.

---

Appeals from the United States District Court
For the Eastern District of Texas
(9:95-CV-301)

June 25, 1998

Before POLITZ, Chief Judge, REAVLEY and JONES, Circuit Judges.

POLITZ, Chief Judge:[*]

Sherman Collins, Ralph Bean, Mickey Hadnot, Bill Murphy, and John Tully seek this interlocutory appeal from the denial of their motions for summary judgment, which motions were based on their claims of qualified and official immunity from suit. Concluding that the summary judgment motions raise a

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

serious question of sufficiency of the evidence, as noted by the district court, we must dismiss for lack of jurisdiction.

## BACKGROUND

In August 1994 Lufkin City Police Officers Ralph Bean and Mickey Hadnot attended a community meeting at the Pinewood Parks Apartments to discuss the ongoing problems of drugs, trespassing, and persons loitering at the apartments. According to Bean and Hadnot, after the meeting Mr. Frears, the apartment complex manager, and Mrs. Hamilton, a resident, told them that Ernestine Nichols was bootlegging beer from her apartment. Lufkin is in a dry county. Investigating the allegation, Hadnot gave a confidential informant, Matthew King, two dollars and instructions to attempt a purchase of beer from Nichols. King returned twenty minutes later with a 16-ounce can of Budweiser and $.75 change and told Hadnot that he was successful in making the buy. Hadnot relayed this information to Officer Bill Murphy and told him to prepare a search and arrest warrant.

Murphy and John Tully, a Texas Alcoholic Beverage Commission Agent, prepared the affidavit for a warrant to search Nichols' apartment and for her arrest. The affidavit included the address of Nichols' apartment, described her as a black female with black hair and brown eyes and weighing approximately 190 pounds, and stated that the affiant had received information from a reliable informant that he had purchased a 16-ounce beer for $1.25 from Nichols. The affidavit was signed by Murphy and Tully and presented to a magistrate judge who issued the warrant.

Several Lufkin officers, including Bean and Murphy, Chief of Police

2

Sherman Collins and Tully participated in the search of Nichols' apartment. The search revealed a trash bag full of beer cans, seven to ten coolers of cold water, a five-gallon bucket of homemade wine, and eighteen cans of Miller beer. Nichols was arrested and charged with possession with intent to sell alcoholic beverages in a dry area in violation of the Texas Alcoholic Beverage Code § 101.31. The charges were later dismissed.

Nichols filed a 42 U.S.C. § 1983 action against Chief of Police Collins, Officers Bean, Hadnot, and Murphy and TABC agent Tully, alleging false arrest, violation of her first amendment rights,[1] and state law claims of intentional infliction of emotional distress and malicious prosecution. Nichols contends that the officers were not reasonable in the procuration and execution of the search and arrest warrant because the warrant was secured based on information from an unreliable informant and there was a clear and obvious difference between the information in the warrant and the evidence discovered during the search.[2] The officers filed motions for summary judgment based on qualified and official immunity. The district court denied these motions finding that the motions raised a "question of evidence sufficiency." The officers timely appealed.

---

[1]Nichols claims that she was arrested on "trumped up" charges because she is an outspoken community activist who has publicly criticized the Lufkin Police Department's efforts in the war on drugs.

[2]Nichols has black and gray hair and weighs 159 pounds. Nichols also contends that the search should have stopped when the officers determined that her apartment was on the right and King had allegedly told Hadnot that he had purchased the beer from the apartment on the left. Additionally, Nichols makes much of the fact that no Budweiser beer was were found in the search.

## ANALYSIS

At the threshold, we must determine the basis for our jurisdiction. Typically, appellate jurisdiction does not exist for the interlocutory review of appeals of the denial of motions for summary judgment because such pretrial orders are not final decisions for the purposes of 28 U.S.C. § 1291.[3]  Because the defense of qualified immunity is meant to give government officials an opportunity to avoid both trial and the often considerable demands of pretrial procedures, a district court's denial of a motion for summary judgment based on a claim of qualified immunity is immediately appealable to the extent review is sought of an issue of law.[4]  The same does not apply to an issue of disputed facts.  "To foreclose appeal, [however,] the disputed facts must be central to and not severable from the matter of qualified immunity."[5]

To determine whether the officers are entitled to qualified immunity would require that we definitively determine whether King actually provided information that he bought a beer from Nichols, whether Murphy and Tully believed King was a reliable informant and did not doubt the information he allegedly provided, and whether a clear and obvious difference between the information contained in the warrant and the evidence discovered during the search existed.  Consequently, this

---

[3]**Cantu v. Rocha**, 77 F.3d 795 (5th Cir. 1996).

[4]**Behrens v. Pelletier**, 516 U.S. 299 (1996); **Nerren v. Livingston Police Dept.**, 86 F.3d 469 (5th Cir. 1996).

[5]**Wren v. Towe**, 130 F.3d 1154, 1157 (5th Cir. 1997)(discussing **Behrens v. Pelletier**).

4

appeal does not turn on a purely legal question and we, therefore, lack jurisdiction over the interlocutory appeal of the district court's denial of the officers' motions for summary judgment.

We similarly lack jurisdiction over the district court's denial of the officers' motions for summary judgment on Nichols' state law claims based on official immunity under the Texas Tort Claims Act. Under Texas law, "[g]overnment employees are entitled to official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority."[6] To determine whether the officers were acting in good faith would require deciding the disputed factual matters noted above. These disputed and unresolved issues of fact cannot form the basis for an interlocutory appeal.[7]

Appeal DISMISSED.

---

[6]**City of Lancaster v. Chambers**, 883 S.W.2d 650, 653 (Tex. 1994).

[7]**See Naylor v. Louisiana Dep't of Corrections**, 123 F.3d 855 (5th Cir. 1997).